1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ANTWONE STOKES,                          No.   2:24-cv-2413 CSK P

12                Plaintiff,

13          v.                                 ORDER

14    SGT. COSTELLO,

15                Defendant.

16

17          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18    § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19    proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20          Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

21    Accordingly, the request to proceed in forma pauperis is granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23    §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in

24    accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the Court will

25    direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

26    and forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly

27    payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

28    These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
2  § 1915(b)(2).

3      Plaintiff is granted an opportunity to elect to proceed on his Eighth Amendment excessive
4  force claim against defendant Sgt. Costello, or plaintiff may elect to amend his complaint as
5  discussed below.

6  I.      SCREENING STANDARDS

7      The court is required to screen complaints brought by prisoners seeking relief against a
8  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
9  court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally
10  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
11  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

12      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
13  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
14  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
15  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
16  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
17  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
18  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
19  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
20  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
21  1227.

22      Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
23  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
24  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
25  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
26  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
27  formulaic recitation of the elements of a cause of action;" it must contain factual allegations
28  sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

1   However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

2   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

3   Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

4   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

5   true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

6   pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

7   (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

8   II.      DISCUSSION

9          Plaintiff's complaint states a potentially cognizable Eighth Amendment claim against

10   defendant Sgt. Costello, alleging that at California State Prison, Sacramento, defendant, for no

11   reason, used excessive force by placing plaintiff in tight handcuffs, and then placing plaintiff in a

12   holding cage without benefit of water for six hours despite plaintiff's multiple requests for water.

13   (ECF No. 1 at 3-5.)

14          In addition, plaintiff alleges that he previously sued the same prison for the same thing,

15   and defendant retaliated against plaintiff for the lawsuit by using the handcuffs to inflict pain.

16   (ECF No. 1 at 5.)  Plaintiff alleges that no other inmate in holding cages that day were

17   handcuffed.

18          "Prisoners have a First Amendment right to file grievances against prison officials and to

19   be free from retaliation for doing so."  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012)

20   (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  A viable retaliation claim in the

21   prison context has five elements:  "(1) An assertion that a state actor took some adverse action

22   against an inmate (2) because of (3) that prisoner's protected conduct, and that such action

23   (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not

24   reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68

25   (9th Cir. 2005).

26          In his complaint, plaintiff does not allege facts showing that defendant Sgt. Costello was

27   aware of plaintiff's previously filed lawsuit.  Plaintiff does not identify the lawsuit he claims

28   motivated defendant's actions, or when the lawsuit was filed.  Although plaintiff believes that

1   defendant's actions were motivated by retaliation, plaintiff must allege specific facts that

2   demonstrate defendant took the adverse action because of plaintiff's protected conduct.

3   Plaintiff's retaliation claim is too vague and conclusory to support a cognizable civil rights claim.

4   III.    PLAINTIFF'S OPTIONS

5          Plaintiff may proceed forthwith to serve defendant Sgt. Costello and pursue his potentially

6   cognizable Eighth Amendment claim against defendant, or plaintiff may delay serving defendant

7   and attempt to state a cognizable retaliation claim against defendant.  If plaintiff elects to proceed

8   forthwith against defendant Sgt. Costello, against whom plaintiff stated a potentially cognizable

9   Eighth Amendment claim for relief, then within thirty days plaintiff must so elect on the attached

10  form.  In this event the Court will construe plaintiff's election as consent to dismissal of the

11  retaliation claim against defendant Sgt. Costello without prejudice.  Under this option, plaintiff

12  does not need to file an amended complaint.

13         Or, plaintiff may delay serving any defendant and attempt again to state a cognizable

14  retaliation claim against defendant Sgt. Costello.  If plaintiff elects to attempt to amend his

15  complaint to state a cognizable retaliation claim against defendant Sgt. Costello, plaintiff has

16  thirty days to amend.  Plaintiff is not granted leave to add new claims or new defendants.

17         Any amended complaint must show the federal court has jurisdiction, the action is brought

18  in the right place, plaintiff has complied with the California Government Claims Act, and plaintiff

19  is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.

20  Plaintiff must identify as a defendant only persons who personally participated in a substantial

21  way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743

22  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an

23  act, participates in another's act, or omits to perform an act he is legally required to do that causes

24  the alleged deprivation).

25         A district court must construe a pro se pleading "liberally" to determine if it states a claim

26  and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

27  opportunity to cure them.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While

28  detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of

4

1    action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S.

2    662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff

3    must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is

4    plausible on its face.'"  Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

5
> A claim has facial plausibility when the plaintiff pleads factual
> content that allows the court to draw the reasonable inference that the
6
> defendant is liable for the misconduct alleged. The plausibility
> standard is not akin to a "probability requirement," but it asks for
7
> more than a sheer possibility that a defendant has acted unlawfully.
> Where a complaint pleads facts that are merely consistent with a
8
> defendant's liability, it stops short of the line between possibility and
> plausibility of entitlement to relief.
9

10   Ashcroft, 566 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions

11   can provide the framework of a complaint, they must be supported by factual allegations, and are

12   not entitled to the assumption of truth.  Id.

13          An amended complaint must be complete in itself without reference to any prior pleading.

14   Local Rule 220; see Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015)

15   ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-

16   existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original

17   pleading is superseded.  Plaintiff is not granted leave to add new claims or new defendants.

18          Accordingly, IT IS HEREBY ORDERED that:

19          1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

20          2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

21   is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

22   § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

23   Director of the California Department of Corrections and Rehabilitation filed concurrently

24   herewith.

25          3. The retaliation claims against defendant Sgt. Costello is dismissed with leave to

26   amend.  Within thirty days of service of this order, plaintiff may amend his complaint to attempt

27   to state a cognizable retaliation claim against defendant Sgt. Costello.  Plaintiff is not obligated to

28   amend his complaint.

4.  The allegations in the complaint are sufficient to state a potentially cognizable Eighth Amendment excessive force claim against defendant Sgt. Costello.  See 28 U.S.C. § 1915A.  If plaintiff chooses to proceed solely as to such claim, plaintiff shall so indicate on the attached form and return it to the Court within thirty days from the date of this order.  In this event, the Court will construe plaintiff's election to proceed forthwith as consent to an order dismissing the defective claims without prejudice.

5.  Failure to comply with this order will result in a recommendation that this action proceed solely on the Eighth Amendment excessive force claim.

Dated:  October 18, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/stok2413.14o

1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANTWONE STOKES,                          No.  2:24-cv-2413 CSK P

12                Plaintiff,

13        v.                                  NOTICE OF ELECTION

14   SGT. COSTELLO,

15                Defendant.

16
         Plaintiff elects to proceed as follows:
17

18        _____      Plaintiff opts to proceed with his Eighth Amendment excessive force claim
                       against defendant Sgt. Costello.  Under this option, plaintiff consents to
19                     dismissal of the retaliation claim against defendant Sgt. Costello, without
                       prejudice.
20
          **OR**
21
          _____      Plaintiff opts to file an amended complaint and delay service of process.
22

23   DATED:

24   _____
                           Plaintiff
25

26

27

28

                                        1