UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWONE STOKES, | No. 2:24-cv-2413 CSK P |
| Plaintiff, | ORDER |
| v. | |
| SGT. COSTELLO, | |
| Defendant. | |

Plaintiff appears pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is currently housed at the California State Prison, Los Angeles ("CSP-LAC") in Lancaster, California. Two filings by plaintiff are before the Court. Neither of these filings were signed by plaintiff. As discussed below, plaintiff is provided an opportunity to refile an appropriate motion bearing his signature.

I.   PLAINTIFF'S COMPLAINT

This action proceeds on plaintiff's original complaint in which he alleges that while he was housed at California State Prison, Sacramento, defendant Sgt. Costello, for no reason, used excessive force by placing plaintiff in tight handcuffs, and then placed plaintiff in a holding cage without benefit of water for six hours despite plaintiff's multiple requests for water. (ECF No. 1 at 3-5.)

///

II.     LEGAL STANDARDS

All parties, including those proceeding without counsel, are required to sign all pleadings, motions, and other papers submitted to the court for filing. Fed. R. Civ. P. 11(a). Generally, the Court is unable to consider a plaintiff's filing as a request for court action unless the plaintiff files a proper motion and signs it. Therefore, the plaintiff is provided an opportunity to re-file an appropriate motion bearing his signature. All filings must bear plaintiff's signature. Failure to comply with this order will result in an order striking the unsigned filings (ECF Nos. 20, 21).

That said, in light of the nature of some of plaintiff's allegations, the Court provides plaintiff with the following information concerning his filings.

III.    NOTICE RE DANGEROUS CONDITIONS AT CSP-LA

On April 22, 2025, plaintiff filed a letter stating he believes his life is in danger at CSP-LAC. Plaintiff first states he believes he is near death because he is about to file a complaint on the FBI and two FBI agents. (ECF No. 21 at 1.) Plaintiff then discusses his case filed in the Central District of California, complaining about issues with the payment of the filing fee, and the reassignment of his case to Judge Otis Wright. (Id. at 1 (referring to Stokes v. Los Angeles Sheriff's Dep't, No. 2:24-cv-6684 OWW AGR (C.D. Cal.)).[1] Plaintiff then states that he is just making this Court aware of his life being in danger, citing the following: they have had no phones, no canteen, no visits or movement for 39 days. (ECF No. 21 at 2.) While not entirely clear, plaintiff contends these deprivations are "due to trying to eliminate [him] like they [have] been doing since 2016." (Id.)

Plaintiff's allegations that his life is in danger are vague and conclusory. Plaintiff provides no specific facts demonstrating he is at risk of death, and he does not explain how the filing of a complaint against the FBI would pose a danger to him at CSP-LAC. Plaintiff identifies no specific threat, and identified no person who has allegedly threatened him, if any. He fails to

---

[1] A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted). The docket shows that the Central District received plaintiff's filing fee, and on March 11, 2025, the United States Marshal was ordered to service process on six defendants. Stokes, 2:24-cv-6684 OWW AGR (ECF No. 18).

explain how what appears to be a modified lockdown at CSP-LAC is specifically connected to plaintiff. Plaintiff speculates the deprivations are because of efforts to "eliminate" him, but plaintiff provides no specific facts demonstrating such connection.

Moreover, plaintiff's allegations concerning the conditions of confinement at CSP-LAC are wholly unrelated to plaintiff's excessive force claim against defendant Sgt. Costello at California State Prison, Sacramento. Further, complaints concerning the conditions of confinement at CSP-LAC should be raised in the United States District Court for the Central District of California, which is the federal district in which CSP-LAC is located. If plaintiff can provide specific facts demonstrating his life is in danger, he should raise them in the Central District of California.

IV.     RESPONSE TO ANSWER

On April 22, 2025, plaintiff also filed a response to defendant's answer. (ECF No. 20.) Rule 7(a) of the Federal Rules of Civil Procedure provides:

> (a) Pleadings. Only these pleadings are allowed:
>
> (1) a complaint;
>
> (2) an answer to a complaint;
>
> . . .
>
> (7) <u>if the court orders one</u>, a reply to an answer.

Fed. R. Civ. P. 7(a) (emphasis added). The Court has not ordered plaintiff to reply to defendants' answer and declines to make such an order. Therefore, plaintiff should not renew his response to the defendant's answer.

In his response, plaintiff also seeks camera footage and disclosure of misconduct allegations against defendant, and questions whether he will be allowed to use camera footage at trial. (ECF No. 20 at 5.) Plaintiff is permitted to seek admission of relevant video footage at trial. However, plaintiff is advised that he must first seek this video footage through discovery propounded to defendant. See Fed. R. Civ. P. 34. Plaintiff must also seek information concerning defendant's alleged misconduct through discovery propounded to defendant. See Fed. R. Civ. P. 33, 34. If plaintiff can verify the video footage exists, yet is unable to obtain review of

1 the video footage through discovery, he may then seek the Court's assistance in obtaining the
2 footage.
3    On March 21, 2025, the Court issued the Discovery and Scheduling Order which informed
4 plaintiff that discovery requests shall not be filed with the court except when required by Local
5 Rules 250.1, 250.2, 250.3 and 250.4.  (ECF No. 19 at 5.)  The parties were "cautioned that filing
6 discovery requests with the court except as required by rule of court, may result in an order of
7 sanctions, including, but not limited to, a recommendation that the action be dismissed."  (Id.; see
8 also Fed. R. Civ. P. 41(b).)  In addition, the parties were advised:

> If disputes arise about the parties' obligations to respond to requests for discovery, the parties shall comply with all pertinent rules including Rules 5, 7, 11, 26, and 37 of the Federal Rules of Civil Procedure and Rules 134, 135, 130, 131, 110, 142, and 230(l) of the Local Rules of Practice for the United States District Court, Eastern District of California; unless otherwise ordered, Local Rule 251 shall not apply. Filing of a discovery motion that does not comply with all applicable rules may result in imposition of sanctions, including but not limited to denial of the motion

14 (ECF No. 19 at 5.)  Plaintiff was required to submit requests for discovery to counsel for
15 defendant, and only file a motion for discovery with the Court if plaintiff was dissatisfied with a
16 particular response.  (Id.)
17    Therefore, plaintiff should not file with the court discovery requests, which must be
18 served on the opposing party, and should not file with the court discovery responses.  If plaintiff
19 contemplates re-filing with the court a request for video footage, this should occur after he has
20 served his discovery request on the opposing party for video footage, plaintiff is dissatisfied with
21 the response, and plaintiff seeks relief from the Court pursuant to the Federal Rules of Civil
22 Procedure.  (Id.)

V.    CONCLUSION

   Accordingly, IT IS HEREBY ORDERED that plaintiff is granted twenty-one days from the date of this order in which to re-file the April 22, 2025 documents (ECF Nos. 20, 21) bearing plaintiff's signature, if re-filing the documents with the court would be appropriate.  Plaintiff is cautioned that if he opts to re-file his request for discovery, it must comply with this Court's orders and the Federal Rules of Civil Procedure.

Dated: April 23, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/stok2413.r11+