UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWONE STOKES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SGT. COSTELLO,<br><br>　　　　Defendant. | No. 2:24-cv-2413 CSK P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis. On September 2, 2025, plaintiff filed a document with a cover sheet stating, "I enclosed one of many grievances I filed about my mail being tampered with and delayed." (ECF No. 26.) As discussed below, to the extent plaintiff seeks to compel discovery, his motion is denied, and plaintiff is granted an extension of time to oppose defendant's motion for summary judgment.

I.　BACKGROUND

This action proceeds on plaintiff's Eighth Amendment claim against defendant Sgt. Costello, alleging that on August 13, 2024, at California State Prison, Sacramento, defendant, for no reason, used excessive force by placing plaintiff in tight handcuffs, and then putting plaintiff in a holding cage without benefit of water for six hours despite plaintiff's multiple requests for water. (ECF No. 1 at 3-5.)

1

On March 21, 2025, the Court issued a discovery and scheduling order setting the discovery deadline for July 18, 2025, and the pretrial motions deadline for October 10, 2025. (ECF No. 19 at 5-6.)  Motions to compel discovery were due on or before July 18, 2025. Requests for written discovery must have been served no later than 60 days prior to July 18, 2025 or by May 19, 2025.  (Id. at 5.)

Plaintiff was previously informed about how to propound discovery requests.  (ECF Nos. 19 at 5; 22 at 4.)  In the April 24, 2025 order, plaintiff was reminded that the Court's discovery and scheduling order provided detailed instructions as to propounding discovery, that such requests are not to be filed with the Court, and instructed that "he must first seek this video footage through discovery propounded to defendant.  See Fed. R. Civ. P. 34."  (Id. at 3, 4.) Despite that order, plaintiff filed a motion on May 15, 2025, again seeking various video footage. (ECF No. 23.)  On May 27, 2025, plaintiff was reminded that discovery requests must be served on counsel for defendant, and his motion was denied.  (ECF No. 24.)

On August 20, 2025, defendant filed a motion for summary judgment on the grounds that plaintiff failed to exhaust his administrative remedies as to his claims against defendant J. Costello.  (ECF No. 25.)  On September 2, 2025, plaintiff filed his document concerning mail tampering and discovery.  (ECF No. 26.)

II.     PLAINTIFF'S CURRENT FILING

Plaintiff has several lawsuits pending against prison staff, and alleges prison staff retaliated against him and delayed his incoming and outgoing mail.  (Id. at 2.)  Plaintiff spoke with defendant's counsel about this problem several times.  (Id.)  After internal affairs and the inspector general came to see plaintiff, he is now receiving mail that is 45 days old.  (Id. at 3.) Plaintiff mailed the request for discovery on May 6, 2025.  (Id. at 2.)  Due to circumstances beyond plaintiff's control, his request was late, and he would like the court to order defendant's counsel to produce the discovery he requested in this case.  (Id. at 3.)  Plaintiff also states he would like to file a motion to compel discovery to find out if defendants "Cheek," "Orcullo" and "I. Alverez" have had any complaints filed against them.  (Id. at 4.)  Plaintiff appended a copy of a grievance signed July 24, 2025, alleging his mail was being purposefully delayed.  (Id. at 6-7.)

III.   DISCUSSION

Plaintiff did not provide a copy of the request for discovery he mailed on May 6, 2025. Plaintiff's filing is not a proper motion to compel discovery because it does not set forth the specific discovery requests propounded to defendant Sgt. Costello with a proof of service attesting to service on defendant. In addition, to the extent plaintiff intended his filing to be a motion to compel discovery, such motion is untimely as it was filed after the July 18, 2025 discovery deadline. Further, any discovery sought from defendants Cheek, Orcullo and I. Alverez is not applicable to this case, which proceeds against only defendant Sgt. Costello.

Because plaintiff did not provide a copy of the discovery, or identify the nature of the discovery he mailed on May 6, 2025, the Court is unable to further evaluate plaintiff's allegation. Indeed, it is unclear whether the discovery mailed May 6, 2025, was related to this case or to plaintiff's case against defendants Cheek, Orcullo and I. Alverez.

In addition, plaintiff's filing is insufficient to construe as a request to modify the scheduling order. Fed. R. Civ. P. 16(b)(4) ("[a] schedule may be modified only for good cause and with the judge's consent."); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992).

Similarly, plaintiff's filing, signed on August 10, 2025, does not constitute a request under Rule 56(d) of the Federal Rules of Civil Procedure for two reasons. First, plaintiff's current filing was filed before defendant served his motion on plaintiff on August 20, 2025. Second, plaintiff's allegations regarding discovery fail to identify any facts he needs but does not have that relate to the exhaustion of administrative remedies.

Finally, plaintiff's mail tampering claims are not related to plaintiff's excessive force claim against defendant Sgt. Costello. Fed. R. Civ. P. 20(a)(2); see also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against unrelated defendants belong in different suits"). Thus, plaintiff must pursue any mail tampering claims in a separate civil rights action.

Therefore, to the extent plaintiff intended his filing to be a motion to compel discovery, his motion is denied. In an abundance of caution, plaintiff is granted an extension of time to oppose defendant's motion for summary judgment.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's filing, construed as a motion to compel discovery (ECF No. 26), is denied; and

2. Plaintiff is granted thirty days from the date of this order to file an opposition to defendant's motion for summary judgment.

Dated: September 11, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

1/stok2413.mtc.eot