UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWONE STOKES, | No.  2:24-cv-2413 CSK P |
| Plaintiff, | |
| v. | ORDER |
| SGT. COSTELLO, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis.  On February 4, 2026, plaintiff filed a letter with the court concerning conditions of his current confinement in the restricted housing unit at Kern Valley State Prison.  (ECF No. 40.)  The filing was docketed as a request for investigation re prison treatment/conditions.  (Id.)  Plaintiff's February 4, 2026 request was also filed in Stokes v. Cheek, No. 1:24-cv-0691 FRS (BAM) (E.D. Cal.).[1]  On February 10, 2026, plaintiff's request was denied.  No. 1:24-cv-0691 FRS (BAM) (ECF No. 50.)  In No. 1:24-cv-0691 FRS (BAM), the court set forth the specific allegations contained in the February 4, 2026 letter, and this Court will not repeat them here.  Id. (ECF No. 50 at 1-2).  As discussed below, plaintiff's request is denied without prejudice.

---

[1]  A court may take judicial notice of court records.  See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

1

This action proceeds on plaintiff's excessive force claim against defendant Sgt. Costello based on the August 13, 2024 use of force at California State Prison, Sacramento.  (ECF No. 1.)  On November 24, 2025, this Court recommended that defendant's motion for summary judgment be granted based on plaintiff's failure to exhaust administrative remedies.  (ECF No. 35.)  Those findings and recommendations are pending review by the district court.  Previously, plaintiff was informed that his proposed new mail tampering claims were not related to plaintiff's excessive force claim against defendant Sgt. Costello, and plaintiff must pursue any mail tampering claims in a separate civil rights action.  (ECF No. 27.)  Similarly, for the same reasons cited in the September 11, 2025 order, claims concerning plaintiff's conditions of confinement at Kern Valley State Prison are unrelated to plaintiff's claims in this action about the use of force at a different prison (California State Prison, Sacramento) and must be pursued in a separate civil rights action.  (Id. at 3.)

Therefore, because plaintiff's letter was improvidently filed in this action, and another judge has ruled on plaintiff's current request, this Court denies plaintiff's request without prejudice.

Accordingly, IT IS HEREBY ORDERED that plaintiff's February 4, 2026 request (ECF No. 40) is denied without prejudice.

Dated:  February 11, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

1/stok2413.den

2